## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 28, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:     *Michelle A. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
        Civil No. 24-0008-CDA

Dear Counsel:

On January 3, 2024, Plaintiff Michelle A. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' filings (ECFs 11, 14-15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, this Court will GRANT Plaintiff's motion for remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on April 5, 2021, alleging a disability onset date of January 1, 2020. Tr. 195-206. Plaintiff's claims were denied initially and on reconsideration. Tr. 95-98, 103-05. On March 28, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 17-39. Following the hearing, on June 29, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 59-79. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on January 3, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Michelle A. v. Dudek*
Civil No. 24-0008-CDA
March 28, 2025
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 5, 2021[.]"  Tr. 21.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "[m]ajor depression, [b]ipolar disorder, [g]eneral anxiety disorder, and back muscle spasms/lumbago."  Tr. 65.  The ALJ also determined that all of Plaintiff's other impairments were considered non-severe impairments.  Tr. 65.  At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"  Tr. 65.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except: [Plaintiff] can have no production rate or pace work, meaning no assembly line or fast-paced production. [Plaintiff] cannot work with the public but can have occasional contact with co-workers and supervisors. [Plaintiff] is limited to a low stress environment with occasional decision making and occasional changes in the work setting. Due to issues with pain and fatigue, [Plaintiff] would be off task 5% of the work day.

Tr. 69.  The ALJ determined that Plaintiff was unable to perform past relevant work as a Material Handler (DOT[3] #929.687-030), Fast Food Worker (DOT #311.472-010), Volunteer-Greeter (DOT #352.667-010), and Package Handler (DOT #929.687-030) but could perform other jobs that existed in significant numbers in the national economy.  Tr. 73-75.  Therefore, the ALJ concluded

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Michelle A. v. Dudek*
Civil No. 24-0008-CDA
March 28, 2025
Page 3

that Plaintiff was not disabled.  Tr. 75.

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . .." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff first argues that the RFC is not supported by substantial evidence because the ALJ failed to provide an accurate and logical bridge between Plaintiff's pain and fatigue and the 5% time off-task limitation in the RFC.  ECF 11, at 7-11.  Defendant counters that the  RFC is supported by substantial evidence because (1) the ALJ's discussion of Plaintiff's pain and fatigue provides enough insight for the Court to discern how Plaintiff's pain and fatigue translates into a 5% time off-task limitation, (2) Plaintiff fails to provide evidence supporting any greater reduction in her time off task due to pain and fatigue, and (3) the ALJ was not required to include a 5% time off-task limitation.  ECF 14, at 6-9.  Plaintiff also contends that the RFC is not supported by substantial evidence because the ALJ erred at step two of the sequential evaluation process by concluding that gastroesophageal reflux disease ("GERD") was not a severe, medically determinable impairment.  ECF 11, at 11-15.  Defendant counters that the RFC is supported by substantial evidence because Plaintiff failed to allege work-related limitations due to GERD.  ECF 14, at 10-13.

Plaintiff's first argument is dispositive here.  An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)-(c).  In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a).  "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311).

*Michelle A. v. Dudek*
Civil No. 24-0008-CDA
March 28, 2025
Page 4

When performing the RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence.  SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.); *see White v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation omitted) (stating that to satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of the claimant's symptoms and medical source opinions" to support the RFC determination).  In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion."  *Petry v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)), as amended (Dec. 13, 2000); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original and internal quotation marks omitted) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate logical bridge from [that] evidence to his conclusion.").

"[A]n ALJ is not required to determine a percentage of time off-task, and can simply consider whether a claimant has the ability to sustain work over an eight-hour workday."  *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018).  However, if an ALJ specifies a time off-task, the ALJ must adequately explain that determination with reference to the record.  *Abdul K. v. Kijakazi*, No. BAH-21-2434, 2022 WL 2789363, at *2-3 (D. Md. July 15, 2022); *see also Fisher v. Comm'r, Soc. Sec.*, No. RDB-17-3165, 2018 WL 3348858, at *3 (D. Md. July 9, 2018) (remanding where "[t]he ALJ [] provided no support or explanation for [an] extremely specific [time off-task] conclusion."); *Carter v. Berryhill*, No. 17-4399, 2018 WL 4381275, at *12 (S.D.W. Va. Apr. 11, 2018), *report and recommendation adopted*, 2018 WL 4169108 (S.D.W. Va. Aug. 30, 2018) (remanding where the ALJ "left the court to guess" how they arrived at the conclusion that the claimant would be off task for 15% of the workday).

This Court has, on several occasions, addressed an ALJ's obligations when specifying a time off-task limitation.  *See Abdul K.*, 2022 WL 2789363, at *2-3 (remanding where the ALJ failed to explain how the evidence cited translated into a determination that Plaintiff would be off task 10% of the workday); *Jennifer M. v. Kijakazi*, No. ADC-21-1491, 2022 WL 2668423, at *4-5 (D. Md. July 11, 2022) (same); *Brian L. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-197, 2020 WL 1814205, at *3 (D. Md. Apr. 9, 2020) (addressing a 5% time off-task limitation); *Williams v. Berryhill*, No. TMD-17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (addressing a 10% time off-task limitation); *Kane*, 2018 WL 2739961, at *1 (same).  In each case, the Court required the ALJ to explain their limitation findings—specifically, why the claimants would be off task for a certain percentage of the workday.  In *Kane*, the Court explained that "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination," yet "the ALJ failed to explain how he reached" that conclusion.  2018 WL 2739961, at *1.  The assignment of a precise time off-task limitation is critical because "a one percent increase could preclude competitive employment."  *Petry*, 2017 WL 680379, at *2.

As an initial matter, because the ALJ included a 5% time off-task limitation in the RFC, the ALJ was required to adequately explain such determination with reference to the record.  Therefore, the Court rejects the Commissioner's argument that the RFC is supported by substantial

*Michelle A. v. Dudek*
Civil No. 24-0008-CDA
March 28, 2025
Page 5

evidence because the ALJ was not required to include a 5% time off-task limitation. Defendant is correct that the ALJ cited evidence illustrating Plaintiff's pain and fatigue. ECF 14, at 7-8; *see* Tr. 70-71. However, the only instance where the ALJ addressed the 5% time off-task limitation in their decision was in the RFC. Tr. 69. At no point in their decision did the ALJ evaluate Plaintiff's pain and fatigue as it relates to Plaintiff's ability to sustain work over an eight-hour workday and why it translated to a 5% off-task limitation as opposed to a greater or lesser period. *See Abdul K.*, 2022 WL 2789363, at *2; *Bibey v. Saul*, No. 19-2690-JMC, 2020 WL 7694552, at *4 (D. Md. Dec. 28, 2020); *Brian L.*, 2020 WL 1814205, at *3; *Michael K. v. Soc. Sec. Admin.*, No. 18-1038-JMC, 2019 WL 1501582, at *3 (D. Md. Mar. 7, 2019). Therefore, the ALJ failed to build an "accurate and logical bridge" between the evidence of Plaintiff's pain and fatigue and the 5% time off-task limitation included in the RFC, thus leaving the Court to guess how the ALJ arrived at the conclusion that Plaintiff would be off task for 5% of the workday. *Petry*, 2017 WL 680379, at *2; *see also Derick G. v. O'Malley*, No. 22-3239-CDA, 2024 WL 626197, at *4 (D. Md. Feb. 14, 2024) (concluding that the ALJ failed to build an accurate and logical bridge between evidence of the claimant's head injuries and a 5% time off-task limitation where "the ALJ only presented one hypothetical question regarding off-task limitation to the [vocational expert]"). The decisions of this Court and the Fourth Circuit make clear that this error requires remand. *See Jennifer M.*, 2022 WL 2668423, at *4; *Abdul K.*, 2022 WL 2789363, at *3; *see also Beth Ann O. v. Kijakazi*, No. CV 21-1877-BAH, 2022 WL 3360277, at *3 (D. Md. Aug. 15, 2022) ("[The d]efendant ignore[ed] that the Fourth Circuit, and this Court specifically, have regularly held that an ALJ's failure to explain *how* they determined that a claimant would be off task for a specific percentage of the workday precludes meaningful judicial review. Such is the case here and remand is warranted." (emphasis in original)).[4]

Because the case is being remanded on this basis, the Court need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider those arguments and adjust their opinion accordingly. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, Plaintiff's motion for remand, ECF 11, is GRANTED.

---

[4] Defendant cites to *Martin v. Colvin* to argue that "Plaintiff points to no evidence supporting any greater reduction in her time off task due to pain and fatigue." ECF 14, at 9 (citing No. TMD-15-0082, 2016 WL 930976, at *8 (D. Md. Mar. 10, 2016)). It is not clear from *Martin* that the absence of medical evidence favoring a greater restriction—independent of the sufficiency of the ALJ's analysis—would have been, on its own, dispositive in favor of the Commissioner. The case to which *Martin* cited does not apply the standard in the context of a time off-task limitation. *See Finch ex rel. Finch v. Astrue*, No. TMD 08-2706, 2012 WL 748383, at *3 (D. Md. Mar. 6, 2012). Regardless, in the nine years since *Martin*, the weight of authority—including matters decided by the judge in *Martin*—support the Court's conclusion. *See Petry*, 2017 WL 680379, at *2; *Williams*, 2018 WL 3092273, at *6; *Beth Ann O.*, 2022 WL 3360277, at *3.

*Michelle A. v. Dudek*
Civil No. 24-0008-CDA
March 28, 2025
Page 6


Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge